**Mrs. Opal Daugherty HANCOCK, Deborah Hancock, Bettie Jean Hancock and Sandra Hancock, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 17375.**

United States Court of Appeals
Fifth Circuit.

May 26, 1959.

E. J. Currie, Jr., Hattiesburg, Miss., Thomas S. Currier, Ewell P. Walther, Jr., New Orleans, La., Stone, Pigman & Benjamin, New Orleans, La., for appellants.

Curtis R. Boisfontaine, F. Carter Johnson, Jr., Porteous & Johnson, New Orleans, La., for appellee, State Farm Mut. Automobile Ins. Co.

Before RIVES, CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

This diversity action was brought by appellants, citizens of Louisiana, against appellee, a corporation under the laws of the State of Illinois, to recover for the death of one and personal injuries to three of the occupants of an automobile being driven by Hallard B. Hancock, the insured in an Automobile Public Liability Policy. In a collision between his car and another in Lamar County, Mississippi, said Hancock was killed. This action was brought under the Louisiana Direct Action Statute.[1] The court below granted a motion to dismiss the action for failure to state a claim upon which relief could be granted on the ground that it appeared on the face of the complaint that the accident happened and the claim accrued in the State of Mississippi and not in the State of Louisiana. This holding was in direct conformity with

1. Louisiana Revised Statutes of 1950, LSA–R.S. 22:655, amending Act No. 55 of 1930.

two cases arising in Louisiana and decided by this Court, Weingartner v. Fidelity Mutual Insurance Company of Indianapolis, Inc., 5 Cir., 1953, 205 F.2d 833, and Hidalgo v. Fidelity & Casualty Company of New York, 5 Cir., 1953, 205 F.2d 834; and cf. the specially concurring opinion of Circuit Judge Rives in the Weingartner case and our decision in McManus v. Delta Fire & Casualty Company, 5 Cir., 1958, 251 F.2d 496.

The gravamen of appellant's argument is that the cited decisions are not sound and should be overruled. We do not agree with this position, but on the other hand, we adhere to the rules there announced.

It results that the judgment of the district court must be and is

Affirmed.