**Billie Charline GUESS, wife of and Administratrix of the Estate of Benjamin Franklin Wiley, Jr., Appellant,**

v.

**Geoffrey Stewart READ, Appellee.**

**No. 18466.**

United States Court of Appeals
Fifth Circuit.

May 18, 1961.

Rehearing Denied July 25, 1961.

Donald V. Organ and H. Alva Brumfield, New Orleans, La., for appellant.

A. R. Christovich, Jr., and Christovich & Kearney, New Orleans, La., for appellee.

Before JONES and BROWN, Circuit Judges, and CARSWELL, District Judge.

JONES, Circuit Judge.

Humble Oil & Refining Company was engaged in the exploration for oil and gas at a site in the Gulf of Mexico about nine miles southeast of Grand Isle, Louisiana. At this location it had a drilling barge. Benjamin Franklin Wiley, Jr. was an employee of Humble. He lost his life as the result of the crash of a helicopter in the Gulf soon after it left the drilling barge. The location of the barge and the situs of the crash of the helicop-

ter are more than a marine league from the shore of Louisiana but within the area subject to the operation of the Outer Continental Shelf Lands Act.[1] The widow of Wiley, in her own right, and as administratrix of his estate, brought suit by libel under the Death on the High Seas Act [2] against several defendants, alleging unseaworthiness and unairworthiness of the aircraft and negligence in its operation. Among the defendants was United Aircraft Corporation which had manufactured the helicopter.

United Aircraft Corporation was dismissed from the suit on the ground that no valid service of process had been made upon it. The plaintiff, who is the appellant here, then attempted to join as a party defendant the negligence liability insurance carriers [3] of United Aircraft under the Louisiana Direct Action Statute.[4] The appellee, for the insurers, moved to dismiss the action as to them and him on the grounds that (1) the accident occurred outside of Louisiana and the Direct Action Statute applies only if the accident or injury occurred within the State of Louisiana, (2) the Direct Action Statute does not apply to suits in Admiralty, and (3) the Direct Action Statute does not apply to suits brought under the Death on the High Seas Act. The district court granted the motion. From its order of dismissal this appeal was taken.

Prior to the enactment of the Direct Action Statute, a claimant could not maintain a direct action against an insurer of an alleged tortfeasor, but, as under the law of most jurisdictions,[5] had first to sue the insured, obtain judgment, and exhaust his remedies prior to bringing his action against the insurer. Burke v. Massachusetts Bonding & Insurance Co., La.App., 19 So.2d 647, affirmed 209 La. 495, 24 So.2d 875. Cf. Lumbermen's Mutual Casualty Co. v. El-

bert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59.

■ The right to maintain a direct action against the insurer of an alleged tortfeasor under the Louisiana statute exists only where the cause or right of action arose in the State of Louisiana. Hancock v. State Farm Mutual Automobile Insurance Co., 5 Cir., 1959, 267 F.2d 2; Weingartner v. Fidelity Mutual Insurance Co., 5 Cir., 1953, 205 F.2d 833; Hidalgo v. Fidelity & Casualty Co., 5 Cir., 1953, 205 F.2d 834. Cf. McManus v. Delta Fire & Casualty Co., 5 Cir., 1958, 251 F.2d 496. The accident which resulted in the fatal injury did not occur within the boundaries of the State of Louisiana. Unless the federal statute allows the direct action to be brought, we must agree that no claim is asserted upon which relief can be granted. The Outer Continental Shelf Lands Act provides that,

"To the extent that they are applicable and not inconsistent with this Act or with other Federal laws and regulations of the Secretary now in effect or hereafter adopted, civil and criminal laws of each adjacent State as of the effective date of this Act are hereby declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf, and the President shall determine and publish in the Federal Register such projected lines extending seaward and defining each such area. All of such applicable laws shall be administered and enforced by the appropriate officers and courts of the United States. State taxation laws shall

1. 43 U.S.C.A. § 1331 et seq.

2. 46 U.S.C.A. § 761 et seq.

3. Underwriters at Lloyds, represented in this litigation by Geoffrey Stewart Read pursuant to a stipulation.

4. L.S.A.–R.S. 22:655.

5. 46 C.J.S. Insurance § 1191, p. 107.

not apply to the outer Continental Shelf." 43 U.S.C.A. § 1333(a) (2).

■■ The Louisiana statute contains venue requirements that an action be brought in the parish where the accident or injury occurred or in the parish where the insured or insurer is domiciled. Thus is shown, we think, an intent on the part of the Louisiana Legislature that the accident or injury upon which a direct action may be maintained be one occurring within a parish of the State. The existence of federal jurisdiction over suits under the Louisiana statute [6] does not change the effect to be given to the venue provisions of the Act in determining the legislative intent. We need not determine whether Louisiana could have authorized a claimant to bring a direct action against the tortfeasor's insurer where the accident or injury occurred outside of the State. It did not do so, and not having done so, we think the appellant here cannot maintain a direct action.

■ The Continental Shelf Act was enacted for the purpose, primarily, of asserting ownership of and jurisdiction over the minerals in and under the Continental Shelf. Jurisdiction was asserted over "the subsoil and seabed" of the outer Continental Shelf. 43 U.S.C.A. § 1332(a). It is only for "that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon" that the State law applies. 43 U.S.C.A. § 1333(a) (2). This does not include the sea above the subsoil and seabed and

does not include the air above the sea. That this is the intent is further shown by the provision that the Act "shall be construed in such a manner that the character as high seas of the waters above the outer Continental Shelf and the right to navigation and fishing therein shall not be affected." 43 U.S.C.A. § 1332(b). If the helicopter in which the appellant's husband was killed had cracked up on the drilling barge before completing its take-off, it could be urged that the accident occurred within the area over which the United States had declared its jurisdiction. Such a case is not before us and is not decided by us. In the case before us the plane had left the barge and was over the high seas, and hence there is no adoption by the federal act of the Louisiana law applicable to the situation here present.

■ What we have said disposes of the appellant's contention that there is a cause of action under the Death on the High Seas Act [7] which may be asserted, by invoking the Louisiana Direct Action Statute, against the insurer of an alleged wrongdoer. Cited to support the appellant's contention is Lovless v. Employers' Liability Assurance Corporation, 5 Cir., 1955, 218 F.2d 714. In the cited case the injury which gave rise to the cause of action arose, not upon the high seas, but in the Port of New Orleans and, of course, in the State of Louisiana. Other contentions need not be noticed.

The judgment of the district court is

Affirmed.

---

6. Lumbermen's Mutual Casualty Co. v. Elbert, supra.

7. "Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representa-

tive of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued." 46 U.S.C.A. § 761.