George **BORSKEY**, Appellant,

v.

**AMERICAN PAD & TEXTILE CO.** et al.,
Appellees.

Rene J. **COGNEVICH**, Jr., Appellant,

v.

**AMERICAN PAD & TEXTILE CO.** et al.,
Appellees.

Mrs. Laura B. **LEDET** et al., Appellants,

v.

**AMERICAN PAD & TEXTILE CO.** et al.,
Appellees.

Mrs. Dorothy H. **BERGERON** et al.,
Appellants,

v.

**AMERICAN PAD & TEXTILE CO.** et al.,
Appellees.

Misc. No. 314.

United States Court of Appeals
Fifth Circuit.

Oct. 16, 1961.

Raymond H. Kierr, New Orleans, La., David R. Normann, Normann & Normann, New Orleans, La., for appellants.

A. R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for appellees.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

The petitioners are the plaintiffs in Civil Actions Nos. 8724, 8725, 8726 and 8727 in the Eastern District of Louisiana. The subject of each claim is death or injury resulting from the crash of the very same helicopter and the identical occurrence dealt with in Guess v. Read, 5 Cir., 1961, 290 F.2d 622.

On August 3, 1961, the District Court dismissed the third-party complaints as to Geoffrey Stewart Read and the complaints as to Aero Associates, Inc. and Zurich Insurance Company in C.A. 8724 and 8725. On September 1, 1961 the petitioners filed application for leave to file an interlocutory appeal under 28 U.S.C.A. § 1292(b). The District Court apparently considered that our prior decision was "premised on the assumption that 'the accident * * * did not occur within * * * Louisiana,' * * * but occurred rather 'within the area * * of the Outer Continental Shelf Lands Act [43 U.S.C.A. § 1331 et seq.].' "

As the application to this Court was not made within 10 days as required under § 1292(b), it must be denied even though the District Court has made an appropriate certificate. Since each of the cases involves multi parties and not multi claims, the whole matter remains in the control of the District Court. Travelers Insurance Co. v. Busy Electric Co., 5 Cir., 1961, 294 F.2d 139; Meadows v. Greyhound Corp., 5 Cir., 1956, 235 F.2d 233; Nettles v. General Accident Fire & Life Assurance Corp., 5 Cir., 1956, 234 F.2d 243; King v. California Co. et al., 5 Cir., 1955, 224 F.2d 193; King v. California Co. et al., 5 Cir., 1956, 236 F.2d 413; cf. Howze v. Arrow Transportation Co., 5 Cir., 1960, 280 F.2d 403. It is therefore free to re-examine this decision until such time as a final judgment under F.R.Civ.P. 54(b), 28 U.S.C.A., is entered. The action on such reconsideration could then be the subject of certification and application for interlocutory appeal under § 1292(b). Hadjipateras v. Pacifica, S. A., 5 Cir., 1961, 290 F.2d 697; Ex parte Deepwater Exploration Co., 5 Cir., 1958, 260 F.2d 546; Ex parte Watkins, 5 Cir., 1958, 260 F.2d 548, certification held inadequate, 5 Cir., 1959, 271 F.2d 771, 772; Jewell v. Grain Dealers Mutual Ins. Co., 5 Cir., 1959, 273 F.2d 422; Ex parte Underwriters at Lloyd's London (Gulf Shipside Storage Corp. v. Underwriters at Lloyd's London), 5 Cir., 1960, 276 F.2d 209, 210, reversing Schwabach & Co. v. Gulf Shipside Storage Corp., D.C.E.D.La. 1959, 173 F.Supp. 105.

In connection with any such application it would be appropriate to point out that the District Court in its memorandum opinion emphasized that "the situs of the crash and its location within or without the seaward boundary of the State [of Louisiana] is disputed." Before certifying the question to us it would seem desirable that this specific fact issue of geographical situs should be resolved by some appropriate means, see, e. g., F.R. Civ.P. 42(b). Otherwise determination at such juncture of the question whether Guess v. Read, supra, controls if the crash actually occurred within the seaward boundaries of Louisiana might call for an advisory academic opinion on facts that might not ever exist. Cf. Byers v. Byers, 5 Cir., 1958, 254 F.2d 205.

Application denied.