237 So.2d 192 (1970)
Claude M. RUSSELL, Appellant,
v.
ORANGE COUNTY, Florida, and Travelers Insurance Company, a Foreign Corporation, Appellees.
No. 70-16.
District Court of Appeal of Florida, Fourth District.
June 19, 1970.
T.G. LaGrone, Orlando, for appellant.
John L. Sewell, of Gurney, Gurney & Handley, Orlando, for appellee Travelers Ins. Co.
REED, Judge.
The plaintiff filed an amended complaint in the Circuit Court for Orange County, Florida, against Orange County, Florida, and Travelers Insurance Company. Liability of Orange County was predicated on allegations asserting that the county had negligently maintained a county road which caused the plaintiff injuries in an automobile accident on 27 July 1968. The basis for the liability of the co-defendant, Travelers Insurance Company, was alleged in paragraph two of the amended complaint as follows:
"That at all times material to this cause, TRAVELERS INSURANCE COMPANY, a foreign corporation, was and is the liability, casualty insurance carrier for ORANGE COUNTY, FLORIDA, and is a real party in interest in this cause, maintaining liability insurance coverage for the accident hereinafter described. That, at all times material to this cause, the Defendant, TRAVELERS INSURANCE COMPANY, is estopped, as a matter of law, from asserting, pleading or otherwise contending the defense of governmental immunity of ORANGE COUNTY * * *."
Both the county and Travelers filed a motion to dismiss. The trial court entered *193 a separate order dismissing the amended complaint as to each defendant. Both of these orders were in the nature of final judgments.
The plaintiff has appealed from the order which dismissed the amended complaint as to the defendant Travelers Insurance Company, but has not appealed from the order which dismissed the amended complaint as to the county. This latter order must, therefore, be presumed correct.
The issue on appeal is whether or not the amended complaint was properly dismissed as to the defendant Travelers Insurance Company.
The plaintiff contends that under the recent decision of Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, the plaintiff is entitled to bring a direct action against the insurance company which, according to the plaintiff, is precluded from raising the defense of sovereign immunity that was available as a defense to the county.
As to Travelers' liability, the defense of sovereign immunity is immaterial in the present posture of the case. As noted above, the defendant Travelers was alleged to be the insurance carrier for the county and no basis for its liability was asserted in the amended complaint other than its liability as an insurer of the county. Therefore, once the trial court determined that the amended complaint stated no cause of action against the county it necessarily followed that no cause of action was stated against the insurance carrier for the simple reason that the insurer's liability was dependent upon the establishment of liability on the part of the county.
Shingleton v. Bussey, supra, relied on by the appellant did not effect a change in the substantive law of this state dealing with the liability of insurers. It merely innovated a procedure which permits the joinder of an insurance carrier in a suit against the insured. See Beta Eta House Corporation, Inc. v. Gregory, Fla.App. 1970, 230 So.2d 495.
We conclude that the trial judge did not err in dismissing the amended complaint as against the defendant Travelers.
Affirmed.
CROSS, C.J., and OWEN, J., concur.