McNULTY, Judge.
In this negligence action plaintiff-appellants brought suit to recover damages resulting from injuries to the minor’ plaintiff. In apparent reliance on Shingleton v. Bussey,[1] they joined the defendant-insurance company alleging that it had theretofore issued a homeowners liability insurance policy to defendant-appellee Pfeiffer. The trial judge ruled that the rationale of Shingleton was limited to suits involving automobile liability insurance. He dismissed the action against the defendant-insurance company and entered final judgment in favor of the company and against plaintiff. This appeal ensued.
In Beta Eta House Corp. v. Gregory[2] our sister court in the First District decided the precise question before us. That is to say, they applied the real party in interest and third party beneficiary theories to a case involving a homeowners liability policy, thus extending the holding in Shingle-ton. This case is conceptually indistinguishable from Beta Bta; and we fully concur with our sister court’s decision in that case.
Accordingly, the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed.
HOBSON, C. J., and MANN, J., concur.

. (Fla.1969), 223 So.2d 713.

. (Fla.App. 1st 1970), 230 So.2d 495.