239 So.2d 46 (1970)
James Joseph DURRETT, James Johnson Durrett, and Reserve Insurance Company, Appellants,
v.
Henderson S. DAVIDSON, Appellee.
No. 69-663.
District Court of Appeal of Florida, Second District.
August 19, 1970.
Rehearing Denied September 16, 1970.
*47 Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellants.
Roney, Ulmer, Woodworth & Jacobs, P.A., St. Petersburg, for appellee.
HOBSON, Chief Judge.
Appellee Davidson filed suit against appellants Durrett alleging that he had been injured in an automobile accident as a result of the negligence of James Joseph Durrett while driving an automobile owned by Durrett's father, defendant James Johnson Durrett. Subsequently appellee was permitted to amend his complaint in order to join defendants' insurer, Reserve Insurance Company, as a defendant under the rule of Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969). Appellants admitted liability and at trial on the issue of damages appellee introduced evidence establishing his special damages for medical expenses, loss of use of his car, and various other items at an amount somewhat in excess of $1,000. Additional evidence was introduced tending to show that appellee suffered a 10% permanent disability due to limitation of motion in his neck, that he was unable to do yard work around his house as he had prior to the accident, and that he appeared to be more nervous than he had been before the accident. Plaintiff was 78 years old at the time of the accident and was retired.
A verdict for $10,000 was returned by the jury and appellants then filed a motion for a new trial, maintaining that the jury had returned an "insurance verdict." The motion was denied and this timely appeal followed.
Appellants' points on appeal are that the denial of the motion for a new trial was erroneous because the joinder of the insurance company prejudiced their right to a fair trial and because the verdict was excessive in relation to the amount of damages proved.
The contentions on prejudice as a matter of law arising from the joinder of the tort-feasor's insurer spring from the First District's opinion in Beta Eta House Corporation v. Gregory, 230 So.2d 495 (Fla.App. 1970). In its decision, the court stated:[1]
"Pursuant to the provisions of [Rule 1.270(b), Florida Rules of Civil Procedure][2] the trial court should on the motion of a party order that the issues *48 relating to the cause of action sued upon be first tried under circumstances which exclude any reference to insurance * * *."
Appellants argue that this language is mandatory and leaves no discretion with the trial court judge as to whether he will sever the insurer-defendant. We do not agree that this language was intended to divest the judge of all the discretion conferred upon him under Rule 1.270(b), supra, but do acknowledge that by the use of the term should rather than may the First District intended that "absent extraordinary circumstances, [severance] should be utilized * * *."[3] Nonetheless, after the case sub judice had been briefed and argued before this court, the Florida Supreme Court modified Beta Eta, supra, and held that:[4]
"The trial court may on motion of either party order separate trials pursuant to Rule 1.270(b), Florida Rules of Civil Procedure, in those cases where the liability insurance carrier is joined as a defendant in a tort action against its insured."
It is apparent from a reading of the above-quoted portion of the supreme court's opinion that the court intended to restore to the trial court whatever measure of discretion the First District's decision purported to remove. Underlying the supreme court's approach to this question must have been a belief that joinder of a liability insurer is not prejudicial as a matter of law; the opposite hypothesis would necessarily have called for an increase, rather than a reduction, in the directive nature of the First District's opinion.
Having concluded that joinder is not prejudicial as a matter of law, we would normally be faced with determining whether the trial court erred, i.e., abused its discretion, in refusing to sever the insurer.[5] In this case, however, we need not consider that problem since none of the parties moved for severance at any time during the trial proceedings.[6] Shingleton v. Bussey, supra, was not meant to and did not change the substantive law of this state,[7] nor did it suspend the availability of severance under Rule 1.270(b), supra.
We have carefully examined the record with regard to appellants' second point and find that the jury's award was not excessive in light of the damages proved.
The order appealed is affirmed.
LILES and PIERCE, JJ., concur.
NOTES
[1] 230 So.2d at 500 (emphasis added).
[2] "Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim or third party claim or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims or issues." Rule 1.270(b), Fla.R.Civ.P., 30 F.S.A.
[3] 230 So.2d at 500.
[4] Beta Eta House Corp., Inc. v. Gregory, 237 So.2d 163, (Fla., filed July 1, 1970). (Emphasis by Florida Supreme Court)
[5] A close reading of the Florida Supreme Court's decisions in Shingleton v. Bussey and Beta Eta House Corporation, Inc. v. Gregory leads us to believe that in announcing the discretionary rule of severance in Beta Eta, the court is attempting to preserve the pre-trial discovery aspects of the Bussey decision while affording the trial court an opportunity to avoid prejudice to defendant-insurers in those cases where it might exist if the insurer were still a party at the outset of trial.
[6] "Although the rule does prescribe the manner by which a party may obtain consolidation or a separate trial, such may be accomplished by motion practice pursuant to Rule 1.100(b)." Author's Comment, Rule 1.270, Fla.R.Civ.P., Fla. Stats.Ann. (1967). (Emphasis added)
[7] Beta Eta House Corp., Inc. v. Gregory, 230 So.2d 495, 499 (Fla.App. 1970), modified on other grounds, 237 So.2d 163 (Fla. 1970).