RAWLS, Judge.
Plaintiff, Government Employees Insurance Company, has appealed from a final judgment dismissing its complaint.
Government Employees was liability insurer for Lucky Frady, and State Farm was liability insurer for William Albert Lindsey, Jr., on February 11, 1967, when Norris Owens, a passenger in the Lindsey automobile, was injured in a collision with the Frady car. Owens sued Lindsey and Frady and recovered a judgment against both. Government Employees’ offer to pay 50% of the judgment was refused, and writ of garnishment was issued against it. After paying the limits of its liability, $10,255.40 on the total judgment of $14,360.10, Government Employees brought this action against State Farm seeking contribution.
Appellant poses only one point on appeal: Is an automobile liability insurance carrier entitled to contribution from another automobile liability insurance carrier when it has been forced to pay more than its share of a common and equal burden?
Appellant contends that Owens was a third party beneficiary to both policies,[1] and the two carriers are not joint tort-feasors, so the doctrine of contribution should be applied to prevent one carrier from paying more than its pro rata share *163 of the common burden. Appellant notes that Sellers v. U. S. Fidelity & Guaranty Co.[2] recognized the rule of prorating a judgment among carriers under the uninsured motorist coverage statute.
The law in this State recognizes the general rule denying contribution between joint tort-feasors. A policy of liability insurance is a contract to save harmless, within the limits of the policy, the covered insured when as a tort-feasor he becomes liable to injured third parties. This Court is not inclined to extend the terms of such policies to impose a larger liability upon an insurer than its insured could be forced to bear. Since tort-feasors are jointly and severally liable, and an injured party after obtaining judgment against multiple defendants may select the one he desires to subject to execution, the carrier must bear the same inequitable burden as is borne by its insured.
Owens here caused writ of execution to be issued against defendant Frady and a writ of garnishment to be served on Government Employees who paid $10,255.40. Lindsey’s maximum liability is now only $4,305.00 on the total judgment. To hold that the liability of State Farm exceeds that of Lindsey is tantamount to rewriting the policy.
The Shingleton v. Bussey [3] decision does not change the substantive law on this question, but merely innovated a procedure which permitted the joinder of a carrier in a suit against the insured. Likewise, Sellers v. U. S. Fidelity & Guaranty Co.[4] lends no comfort to appellant. The Florida Supreme Court’s statement in that case relative to prorating the amount paid by one carrier among the several policies protecting an insured under the uninsured motorist coverage is based upon the express statutory provisions of Section 627.-0851(4), Florida Statutes, F.S.A.
We hold that an insurance company who has paid a judgment on behalf of its insured, who is a joint tort-feasor, is in no better position to claim contribution than is its insured.
Affirmed;
JOHNSON, C. J., and WIGGINTON, J., concur.

. Shingleton v. Bussey, 223 So.2d 713 (Fla.1969), and Beta Eta House Corp. V. Gregory, 230 So.2d 496 (Fla.App.lst 1970).

. Sellers v. U. S. Fidelity & Guaranty Co., 185 So.2d 689 (Fla.1966).

. Shingleton v. Bussey, ob. oit. supra, note 1.

.Sellers v. U.S. Fidelity & Guaranty Co., ob. oit. supra, note 2.