**Issa NAKHLEH, Plaintiff,**

v.

**CHEMICAL CONSTRUCTION CORPORATION et al., Defendants.**

**No. 71 Civ. 3618 (KTD).**

United States District Court,
S. D. New York.

Sept. 28, 1973.

Gene Crescenzi, New York City, for plaintiff.

Reid & Priest, New York City, for defendants; by R. M. McDermid and C. F. Schirmeister, New York City, of counsel.

### MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This court is faced with another chapter in a continuing saga of activity stemming from its denial in April 1973 of defendants' motion for summary judgment. A review of the previous activity in this case is necessary for an understanding of the present motion.

On June 18, 1973 this court denied defendants' motion for reargument of the summary judgment motion. Subse-

quently defendants moved to have this court amend its order of June 18, 1973 to include a statement pursuant to 28 U.S.C. § 1292 which would allow defendants to petition the Court of Appeals for review of this interlocutory order. That motion was granted and the prior order was amended on July 20, 1973 to add the necessary language. Rule 5(a) of the Federal Rules of Appellate Procedure provides that a petition for permission to appeal must be sought within ten days after the entry of the order containing the statement prescribed in 28 U.S.C. § 1292(b). Unfortunately, defendants were not able to file a petition within the ten day period. The normal practice in this District is that notice of all orders is published in a newspaper entitled the "New York Law Journal" and in addition, the Clerk of the Court by postcard notifies the parties of the entry of an order in their case. However, in this case, notice in the Law Journal was inaccurate in that the name of the plaintiff was misspelled; instead of starting with the letter "N" his name was spelled with an "M". In addition, defendants' counsel affirm that their office never received notice by mail of the entry of the July 20th "order".

Defendants have now moved this court to reenter or refile the amendment to the July 20, 1973 order. They urge that this court has the power to do this and that this new order will afford them a new ten day period in which to petition for appeal. Plaintiffs, of course, oppose this motion, contending that this court lacks jurisdiction to extend, in effect, the time for interlocutory appeals.

It appears that this is an issue of first impression in this circuit.

Defendants argue that the language of Rule 5(a) of the Fed.R.App.P. that "an order may be amended to include the prescribed statement *at any time* . . . ." (emphasis added) indicates that this court can in its discretion reamend its July 20th order or refile it. Further, defendants argue that the standard of "excusable neglect" con-

tained in Rule 4 Fed.R.App.P.,[1] which allows courts to extend the period for notice of appeals where appeal is of right, should be read into Rule 5(a) to govern the exercise of discretion to remand or refile an order making possible a new petition to the Court of Appeals.

Apparently only two cases have dealt in any substantial way with the issue of whether a court can reamend or refile a section 1292(b) statement. The Fifth Circuit in Borskey v. American Pad & Textile Co., 296 F.2d 894 (5th Cir. 1961) denied a petition from an interlocutory order containing the section 1292(b) statement since the petition was not filed within 10 days from the filing of the order. By way of dictum the Fifth Circuit noted that a district court retains jurisdiction over a case after a decision which is merely interlocutory, and thus could reexamine its initial decision until final judgment. The court particularly emphasized that any reconsideration could itself be the subject of certification and application for appeal. Subsequently, in 1971, the Sixth Circuit in Woods v. Baltimore & Ohio Railroad Company, 441 F.2d 407 (6th Cir. 1971), dealt with the issue of a district court's power to refile its opinion in order to trigger a new ten day period for appeal. The district court had initially filed an order containing the section 1292(b) certification. However, the plaintiff apparently through inadvertence, failed to petition within ten days. Several months later he requested the district court to refile its initial opinion in order to restart the period in which to appeal. The district court refiled its initial opinion and the petitioner sought appeal within 10 days. The Sixth Circuit rejected the petition, holding that refiling did not, in fact, start a new ten day period. The court discussed the dictum in *Borskey* and indicated that it would not apply in this case, because the mere re-filing of an order did not constitute a reconsideration. The court indicated that failure to petition the Court of Appeals within 10 days was a jurisdictional defect, which a district court was powerless to cure. Further, the court argued that since the district court could not directly extend the time period, it could not by indirection (i. e. refiling) cure the defect.

The reasoning of the Fifth and Sixth Circuits seems persuasive. There is no question that this court retains jurisdiction of this case. There have been no final judgments or orders. Indeed, all of the prior decisions in this case are subject to reconsideration. To constitute reconsideration some substantial issue must be raised for re-evaluation which has been raised before. Normally, this will occur when the issue is one about which there is a high degree of disagreement. It can occur when a party presents new facts to be considered which were not raised in prior decisions or points to new decisional law not originally considered. Neither of these is the case here.

This is a case where interlocutory appeal is most called for. This court truly desired to give the defendants an opportunity for interlocutory appeal. Unfortunately, without assessing fault to defendants, such petition was not forthcoming within the ten day period. This defect is jurisdictional and reamending the previous order cannot cure it. Until the time that either party should raise a substantial question involving the reconsideration of the prior order of July 20th this court is powerless to reamend that order merely to start a new ten day period within which to petition the court of appeals.[2]

For all of the above reasons the motion to refile the amendment is denied.

So ordered.

---

1. The final paragraph of Rule 4(a), Fed.R. App.P. provides that "Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party . . . ."

2. Without deciding the question, it is clear that a motion to amend the initial order denying summary judgment in April would raise quite different issues, since that order has never been amended to include the section 1292 statement.