**Cawthorne DAVIDSON and Martha Davidson, Plaintiffs,**

v.

**GARDEN PROPERTIES, INC., et al., Defendants.**

**No. MCA 74-47.**

United States District Court, N. D. Florida, Marianna Division.

Jan. 17, 1975.

Sale, Bryant, Daniel & Thompson, Panama City, Fla., for plaintiffs.

Barron, Redding, Boggs & Hughes, Panama City, Fla., for defendants.

## MEMORANDUM DECISION

ARNOW, Chief Judge.

Before this court is a diversity complaint based on an accident occurring in the State of Alabama. Defendant, Commercial Union Insurance Company, a liability insurer licensed to do business in Florida, is, however, not a domestic corporation resident here. Defendant insurance company has moved to dismiss this action on grounds it is not subject to direct action under the laws of Alabama.

As authority for this proposition, defendant cites Weingartner v. Fidelity Mutual Insurance Co. of Indianapolis, 205 F.2d 833 (5th Cir. 1953). That case and the line of cases following it stand for the proposition that an action may not be brought under a direct action statute against an insurer, when the substantive law of the place where the cause of action arose will not permit it. *See also,* Guess v. Read, 290 F.2d 622 (5th Cir. 1961), cert. denied 368 U.S. 957, 82 S.Ct. 394, 7 L.Ed.2d 388 (1962).

Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) requires a federal court to apply the conflict of law rules of the state in which it sits. *See also,* Wright, Federal Courts, 2d Ed. § 57 (1963); Moore v. John Hancock Mutual Life Insurance Co., 398 F.2d 154, 157 n. 4 (5th Cir. 1968). Where those rules require the court to apply the substantive law of the place where the cause arose, they cannot apply their own substantive law. Florida, however, requires the forum to apply its own procedural law. *See* Colhoun v. Greyhound Lines, Inc., 265 So.2d 18, 20 (Fla. 1972) and the authority cited therein. Such a rule is not in conflict with *Weingartner, supra,* or Guess v. Read, *supra,* which dealt with a principle of substantive law.

The question raised here then becomes whether the rule first announced in Shingleton v. Bussey, 223 So.2d 713 (Fla.1969), allowing direct action against a liability insurer in a suit against an insured, affected a change in substantive or procedural law.

In Barrios v. Dade County of Florida, 310 F.Supp. 744, 747–749 (S.D.N.Y. 1970), the court held the procedure provided for in *Shingleton, supra,* was substantive. However, in so holding, that court did not have the benefit of later Florida decisions which hold that the rule announced in that case affected no change in the substantive law of Florida, but that it "merely innovated a procedure." *See,* Russell v. Orange County, 237 So.2d 192, 193 (4th D.C.A. Fla.1970), cert. denied 239 So.2d 825 (Fla.1970); Beta Eta House Corp. v. Gregory, 230 So.2d 495, 499 (1st D.C. A.Fla.1970); Durrett v. Davidson, 239 So.2d 46, 48 (2nd D.C.A.Fla.1970). Under the law of Florida, defendant, Commercial Union Insurance Company, is, therefore, a proper party defendant. Order denying the motion to dismiss will be entered in accordance with the foregoing.