## NEW YORK INDEMNITY COMPANY *v.* FIDELITY AND DEPOSIT COMPANY.

[No. 32, January Term, 1930.]

74

*Decided April 17th, 1930.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Walter L. Clark* and *Roszel C. Thomsen,* with whom was *Clater W. Smith* on the brief, for the appellant.

*Washington Bowie, Jr.,* and *E. F. Barker,* with whom was *J. Stuart Galloway* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

In December, 1923, Lawrence W. Welp and Edward Zigrang, trading as Welp & Zigrang, entered into a contract with the City of Farmington, Missouri, to construct a system of sewers and disposal works in said city. The contractors were to have entire charge of the work and be responsible for the entire work until its completion and acceptance by the city. The work involved blasting, and the contractors agreed to place proper guards upon and around the same, and to indemnify the city against all suits and damages on account of any real or alleged injury to the person or property of another resulting from the negligence or carelessness in the performance of the work or in guarding the same. It was also agreed that in the event the contractors should fail or neglect to pay for labor performed or materials purchased, the city should have power to pay for the same out of amounts that

might be due said contractors; that the city should make monthly payments to the contractors based on estimates made by the city's engineer, deducting fifteen per cent. from amounts found to be due, as an agreed compensation to be forever retained by the city and forfeited by the contractors as agreed and liquidated damages, in case the whole amount of work should not be done in accordance with the agreement and the plans and specifications; that the engineer should as soon as possible after the completion of the work make a final estimate of the amount of work done, and that the city within thirty days after such final estimate should pay the entire sum as found to be due, including all retained percentages. The contractors filed with the city two bonds, one guaranteeing the performance of the contract, and the other guaranteeing the payment of all bills for labor and materials, the Fidelity & Deposit Company of Maryland, the appellee, being the surety on both bonds. The New York Indemnity Company, the appellant, issued to the contractors a contract of insurance in which the insurer covenanted to indemnify the contractors "against loss by reason of liability imposed by law upon the assured" for damages on account of bodily injuries sustained by any person not employed by the contractors as a result of an accident occurring on or about the premises used or occupied by said contractors in the construction of the said sewer, or occurring elsewhere if the injuries were caused by the employees of said contractors while engaged in said work. The insurer agreed to investigate all accidents involving such bodily injuries and defend any suits that might be brought, unless or until it should elect to effect settlement thereof; to pay all costs taxed against the assured on any legal proceeding defended by the company, and interest accruing upon the judgment rendered in connection therewith. It was provided that the policy should not cover any liability of others assumed by the assured under any oral or written contract, and that the assured should not voluntarily assume any liability, nor settle any claim, except at the assured's own cost. There was also a provision that the insolvency or bankruptcy of the assured should not relieve

the company from the payment of the indemnity provided by the policy, but that it should entitle the claimant to maintain an action against the indemnity company for the recovery of such indemnity. There was further provision that if the business of the assured should be placed in the hands of a receiver, assignee, or trustee, whether by the voluntary act of the assured or otherwise, the policy should immediately terminate, but such termination should not affect the liability of the company as to any accident theretofore occurring. The liability of the insurer was limited to the sum of $10,000 for any one accident.

An accident occurred from the blasting, and suit was instituted in Missouri against the contractors and the City of Farmington, of which due notice was given to the indemnity company as provided in the policy, and the defense of the suit on behalf of the contractors was undertaken by the company. After the filing of certain pleadings in the suit, and before trial, the company on behalf of the contractors made a settlement by the payment of $8,000, the company on behalf of said contractors taking an agreement, styled a covenant not to sue, signed by the plaintiff, and a release was duly executed. Thereafter, on the day of the trial of the case against the city, it was stipulated by the plaintiff and the attorneys of the company, representing the contractors, that the case be dismissed as to the contractors only, and not as to any other defendant, and with prejudice to the plaintiff, and pursuant to said stipulation an order was entered by the court that the case be dismissed as to the contractors. There was a verdict against the city for $2,500, on which a judgment was entered. It is agreed that in reaching its verdict the jury was instructed to, and did, take into consideration the payment made by the indemnity company to the contractors; and was also instructed that, if they found that the city knew that the blasting of rock by the use of high explosives would be necessary, and if they further found that such blasting was inherently dangerous to persons who might be within reasonable vicinity thereof, and that the contractors negligently failed to take precautions to prevent injuries to such

persons from said blasting, and as a result of said blasting and the failure of said contractors to take such precautions the plaintiff was injured, then the plaintiff was entitled to recover against the city. It is further agreed that prior to the date of said judgment the work under said contract had been completed by the contractors, and that at said date the contractors were hopelessly insolvent; that at the time the work was completed the city had in its hands approximately $13,800, representing the retained percentages earned by the contractors, but that they owed to various persons approximately $16,000 for labor and materials; that the city deducted from said retained percentages the amount of said judgment, after which it turned over to the Fidelity & Deposit Company of Maryland, surety on the contract bond of the contractors, the balance thereof remaining in its hands; that the amount so received by the Fidelity & Deposit Company was paid out by it in satisfaction of the claims for labor and material furnished the contractors, for which claims the said company was liable under its bonds, and in addition thereto the said company paid out of its own funds the sum of $6,500 for the balance of said claims; that the judgment against the city was thereafter paid by it with the money deducted by it from the retained percentage due said contractors; that, in consideration of the payment of said bills by the Fidelity & Deposit Company and of the indebtedness thereby created, the contractors assigned to said company any and all sums of money due or owing to them and all claims, demands, and causes of action of any kind whatsoever which they had or might have against the New York Indemnity Company for or by reason of the payment of said judgment against the city as a result of said accident; that by the law of Missouri defendants in a judgment founded on an action for the redress of a private wrong are subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment, in an action founded on contract; and that under the law of said state all persons having a claim or cause of action against two or more joint tort feasors may compound, settle with, and

discharge any one or more of said joint tort feasors for such sum as such persons may see fit, and to release him or them from all further liability to such person or persons for such tort or wrong without impairing the right of such person or persons to demand and collect the balance of said claim or cause of action from the other joint tort feasors against whom such person or persons has such claim or cause of action, and not so released.

The above narrated facts were stipulated in a suit by the appellee, as assignee of the contractors, against the appellant, and on them the case was tried in the Superior Court of Baltimore City by the judge of that court sitting without a jury, and a verdict rendered in favor of the plaintiff, on which a judgment was entered. This appeal is from that judgment.

The only exception is to the ruling of the court on the prayers and special exceptions thereto, of which we need only consider defendant's first prayer, which was a demurrer to the evidence. Appellee contends:

(1) That the contractors owed to the city the duty of protecting it against any act of negligence on their part, and that this duty was a liability imposed by law.

(2) That the payment by the city out of the funds in its hands earned by the contractors was in exercise of a legal right to protection and not pursuant to a right given under the contract.

(3) That the contractors sustained a loss, as defined in the policy, and the plaintiff as their assignee is entitled to recover thereon.

Appellant's contentions are:

(1) That "liability imposed by law" means a liability imposed and evidenced by a final judgment.

(2) That the assured sustained no loss.

The learned trial judge found, among other things, that the deduction by the city was made in the exercise of a clear legal right of reimbursement and was under the circumstances of this case an adjudication of the contractors' liability, and that the result was a loss by reason of a liability imposed by law; that while, generally speaking, a judgment

against the insured is necessary to enable him to recover against the insurer, "it is perfectly clear that the insurer is complaining of a state of facts for which it alone is responsible. Having been properly in the case and having the opportunity for its day in court, it withdrew voluntarily from the forum which would adjudicate its liability. It had insured against the full consequences of the accident and it knew that it had not made settlement of the contractors' entire liability. Its abandonment of the case under the circumstances created the situation of which it now complains. Under these circumstances a judgment against the insured should not be considered necessary."

We are unable to accede to this view. This is an action at law, and the appellant is urging its right to have its contract with the assured interpreted in accordance with the meaning of the language employed. On the facts in this record it would be difficult if not impossible to determine, even if it were proper to make the attempt, whether the assured were in a position, after they were discharged as defendants, to intervene in the trial of the case between the claimant and the city. It was held in *Taylor v. Walsh,* 193 Mo. 516, that where the work of blasting for a sewer was necessarily or intrinsically dangerous, the city was liable, although the work was performed by an independent contractor in a proper manner. There is nothing in the record to show that appellant or the assured knew, at the time the assured were dismissed, that the claim against the city was based on the negligence of the assured, or that they were invited to participate in the city's defense. The assured, indeed, could not have done so except with the assent of the appellant, without violating the terms of their policy. The appellant owed no duty to the city. The idea running through the entire policy is that no claim may be voluntarily paid or liability assumed by the insured and it is consistent only with the conclusion we have reached.

The liability of the contractors to the city was not fixed by the recovery of a judgment against the city. The case of *Chesapeake & Ohio Canal Co. v. County Commrs. of Alle-*

*gany County,* 57 Md. 201, is clearly distinguishable on its facts.

It is not necessary to decide whether in all cases a judgment against the assured is necessary to create a liability imposed by law, but the expression in *Poe et al., Receivers, v. Philadelphia Casualty Co.,* 118 Md. 347, 354, is significant. It was there said, in an opinion by Judge Pearce: "In tracing the history of these policies it will be found the earlier ones were so worded as to insure employees against liability incurred to their employees for death or injuries resulting from the employer's negligence, and the court humanely and rationally held that liability was fixed by the rendition of a trial judgment * * *." This statement was quoted with approval in an opinion by Chief Judge Boyd in *London & Lancashire Indemnity Company v. Cosgriff,* 144 Md. 660, 673.

In *Creem v. Fidelity & Casualty Co.,* 141 App. Div. 493, 126 N. Y. S. 555, one of the cases relied on by appellee, the court said, in reference to a provision substantially the same as one appearing in the policy here under consideration, "but the fair import of the contract is that the assured could not call upon the defendant to pay the stipulated amount of indemnity for a loss until that loss had actually been sustained as the result of a judgment against the assured." In *Kibler v. Maryland Casualty Co.,* 74 Wash. 159, another case strongly relied on by appellee, there was a judgment against the contractor in a suit between him and the city. See also *Sutherland v. Fidelity & Casualty Co.,* 103 Wash. 583.

The *American Casualty Insurance Company's Case,* 82 Md. 535, cited by appellee, is not in point. There the court was dealing with the funds of a bankrupt company and the question was as to their distribution. The effect of that decision was that policy holders, against whom there were claims covered by the policies, could not be excluded from participating in the fund for distribution merely because judgments had not been obtained against them by the claimants before the insolvency occurred. The question was as to the value

of the policies. By reason of its insolvency the company failed in its contract to settle or defend against these claims, and in valuing the policies it became necessary to determine the validity and the amount of the claims.

Our conclusion is that there was no evidence of any liability imposed by law upon the assured, and, as the existence of such liability was a condition precedent to any right of recovery, there was error in refusing defendant's first prayer.

This makes it unnecessary to discuss the other points presented and ably argued by counsel on both sides.

*Judgment reversed, without a new trial, with costs to appellant.*

PARKE, J., dissents.