**Kathryn M. FREED, Plaintiff-Appellant,**

**v.**

**STATE FARM AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.**

**No. 73-3897**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 1, 1974.

Anthony I. Provitola, DeLand, Fla., for plaintiff-appellant.

John L. Graham, DeLand, Fla., for defendant-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Appellant Kathryn M. Freed, a Florida resident, filed suit in federal district court against the State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), an Illinois Corporation doing business in Florida. She sought damages for injuries she sustained as a result of an accident that had occurred in Maryland when the

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

automobile operated by Daniel T. Green, a Virginia resident and State Farm's insured, collided with the rear-end of Mrs. Freed's automobile. State Farm filed a motion to dismiss pursuant to Rule 12(b), F.R.Civ.P. Since jurisdiction was based on diversity of citizenship the district court looked to Florida law, including its conflicts rules, for controlling guidance on whether appellant had presented a viable cause of action.

In answering this threshold issue, the lower court posed the problem as,

> [w]hether [Mrs. Freed] under the facts delineated in the complaint has a direct action against [State Farm] prior to the establishment of [Green's] liability by judgment or otherwise.

Characterizing the issue thus presented as *substantive* which under Florida conflicts law is governed by the law of the place of the tort,[1] here Maryland, the court held that appellant had failed to state a cause of action against State Farm since Maryland does not permit a direct action against an insurance company without a prior adjudication of the liability of the insured. *See* Gorman v. St. Paul Fire & Marine Insurance Co., 210 Md. 1, 121 A.2d 812, 816 (Md.Ct. App.1956); Complaint of Harbor Towing Corporation, 335 F.Supp. 1150 (D. Md.1971).

Freed asserts that the lower court improperly characterized the issue presented as substantive because at least one intermediate Florida appellate court has stated that the Florida rule which permits a direct action against an insurance company is procedural.[2] Noting that a Florida court will apply the law of the forum when a procedural issue is presented in a conflicts case, *see* Calhoun v. Greyhound Lines, Inc., 265 So.2d 18, 20 (Fla.1972), she maintains that she has stated a claim upon which relief can be granted.

▇▇▇ Assuming arguendo that the direct action question is procedural in Florida, it is apparent that Mrs. Freed has misconstrued the applicable Florida cases involving a direct action against an insurance carrier. Florida permits an injured party to *join* the insurance company as co-defendant with the insured. *See* Shingleton v. Bussey, 223 So.2d 713 (Fla.1969). No Florida case has ever held that an insurance company is subject to suit without joining the insured as a party for a complete resolution of the allegedly tortious conduct. In Florida the insurance company must be sued jointly with the insured to withstand a motion to dismiss. Kephart v. Pickens, 271 So.2d 163 (Fla.App.1972).

In this case, appellant failed to join the insured, Green, as a co-defendant. Thus regardless of the applicable law, Maryland or Florida, appellant has failed to state a cause of action.

Accordingly, the judgment of the district court dismissing appellant's complaint is affirmed.

---

1. Calhoun v. Greyhound Lines, Inc., 265 So. 2d 18 (Fla.1972).

2. *See* Beta Eta House Corp., Inc. v. Gregory, 230 So.2d 495, 499 (Fla.App.1970).