In the Matter of BRENT TOWING COM-
PANY, INC., as owner and operator of
the M/V RUTH BRENT, praying for
exoneration from or limitation of liabili-
ty.

No. PCA 74–63.

United States District Court,
N. D. Florida,
Pensacola Division.

Nov. 15, 1975.

Clayton J. Swank, III, Randolph Noble, Jr., Greenville, Miss., and James D. Swearingen, Pensacola, Fla., for Brent Towing Co., Inc.

Clayton J. M. Adkinson, DeFuniak Springs, Fla., for claimant, Dolly McCarter, as personal representative of the Estate of William C. McCarter.

Michael T. Callahan, Ronald W. Brooks, Geoffrey B. Dobson, State of Florida Dept. of Transp., Tallahassee, Fla., for claimant, State of Florida Dept. of Transp.

William K. Jennings, DeFuniak Springs, Fla., for claimants, E. H. Rutherford and R. J. Rutherford.

James E. Hertz, Pensacola, Fla., for claimant, Raymond Hall.

## ORDER

ARNOW, Chief Judge.

Before the court are motions of the claimants, State of Florida Department of Transportation and Dolly McCarter, Personal Representative of the Estate of William C. McCarter, to set aside the court's order of June 6, 1974 restraining prosecution of claims. The complaints sought to be filed are against the M/V RUTH BRENT; against Brent Towing Company, Inc., as owner and operator of the M/V RUTH BRENT; against her master and officers, Richard Oren Knowles and Kenneth Schanfish, and her seamen and crew, all employees of Brent Towing Company at the time of the accident involved in this suit; and against certain named insurers of Brent Towing Company.

As to the M/V RUTH BRENT, 46 U.S.C. § 187 does not include the right to go against the vessel but only against "the master, officers, or seamen." The purpose of the limitation act is to release the ship owner from some liability for conduct of the master and other agents of the owner for which these parties were themselves liable. *Walker v. Transportation Co.*, 3 Wall. 150, 153, 18 L.Ed. 172 (1865).

As to Brent Towing, the case law admits the owner's right to localize proceedings in the standard limitation situation: a multiplicity of claims, which in the aggregate would clearly exceed the liability of the owner. *Gilmore and Black, The Law of Admiralty* § 10–17. This being the situation in this case, the prior order may not be modified to permit a separate suit against Brent Towing. See also *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546 (5th Cir. 1960).

As to the insurers of Brent Towing, the court has previously denied claimants' motions to amend claims to add the insurers as parties to the limitation proceeding, having concluded there is no authority to permit such to be done. It also appears a separate suit against the insurers alone would be impermissible. Under Florida law, it is established that the rule laid down in *Shingleton v. Bussey*, 223 So.2d 713 (Fla. 1969) permitting joinder of an insurance carrier in a suit against the insured did not effect a change in the substantive law of the state, but merely created a procedural innovation permitting such joinder. *Russell v. Orange County*, 237 So.2d 192 (Fla.App. 1970); *Beta Eta House Corporation, Inc. v. Gregory*, 230 So.2d 495 (Fla.App.1970). Under this rule, there is no direct right of action against the insurer alone. The insured tortfeasor is an indispensable party in the action. *Freed v. State Farm Automobile Insurance Company*, 491 F.2d 972 (5th Cir. 1974); *Kephart v. Pickens*, 271 So.2d 163 (Fla.App.1973). It, therefore, follows that, since separate suit outside the limitation proceeding cannot be maintained against Brent Towing, the insured, no separate suit may be maintained against its insurers since Brent Towing would be an indispensable party in such suit. Nor does examination of the insurance policies in the file disclose any terms which would permit separate suit against the insurers at this time. Of consideration here also is the fact

that in admiralty proceedings, as a general rule, the insurer is not permitted to be joined. While that rule is departed from in some instances, such as in the situation presented under Louisiana's direct action statute, the general rule of not allowing insurers to be joined should, for uniformity in admiralty practice, be followed unless clear grounds for an exception exist. No such grounds here appear.

█ As pointed out in petitioner's memorandum filed herein on October 3, 1975, under 46 U.S.C. § 187, any remedy which any party to the limitation proceeding may have against the masters, officers and crew of the M/V RUTH BRENT is reserved, and the claimants need no permission of the court to proceed against them and join in such suit any insurance carriers under whose policies the masters, officers and crew are "assureds."

Therefore, it is,

ORDERED:

1. Motions of claimants, State of Florida Department of Transportation and Dolly McCarter, Personal Representative of the Estate of William C. McCarter, to set aside the order restraining prosecution of claims are each hereby denied.

2. Nothing contained in this order is to be construed as precluding separate suit against the masters, officers and crew of the M/V RUTH BRENT and any of Brent Towing Company's insurance carriers under the terms of whose policies such masters, officers and crew are named "assureds."