**Bernell RAY and Amanda Ray**

v.

**LYKES BROS. STEAMSHIP CO., INC., et al.**

**In the Matter of LYKES BROS. STEAMSHIP CO., INC., as Owner of the SEABEE BARGE LY–170, Petitioning For Exoneration From or Limitation of Liability.**

**Civ. A. No. 85–1473.**

United States District Court, E.D. Louisiana.

Dec. 13, 1985.

Terriberry, Carroll & Yancey, William E. Wright, New Orleans, La., for Lykes Bros.

Lemle, Kelleher, Kohlmeyer, Hunley, Moss & Frilot, Douglas F. Matthews, New Orleans, La., for Ryan-Walsh Stevedoring Co., Inc. and Employers Nat. Ins. Co.

Joseph W. McKearn, New Orleans, La., for Bernell Ray and Amanda Ray.

## OPINION

ARCENEAUX, District Judge.

This court is called upon to determine whether a claim for the recovery of compensation payments made by a stevedore's compensation insurer to an injured longshoreman pursuant to 33 U.S.C. § 904 constitutes a cause of action separate and apart from the longshoreman's claim against the shipowner.

This Court firmly concludes that in the present posture of these proceedings they present only a "single claim."

## FACTS

The facts attendant to the present proceeding are well summarized by the Magistrate, to whom the motion to remand was originally referred, in his Findings and Recommendations filed in the record of Civil Action No. 85–1473 (the limitation proceeding; see below.) They are essentially these:

On February 26, 1985, plaintiffs Bernell Ray and Amanda Ray brought suit in the Civil District Court for the Parish of Orleans, State of Louisiana, for injuries sustained by Mr. Ray while working as a longshoreman aboard a lash barge, owned by Lykes Bros. Steamship Company ("Lykes Bros."). There is no diversity of citzenship between the parties.

They alleged jurisdiction over the subject matter by virtue of general maritime law, 28 U.S.C. § 1333, and all applicable laws of the United States and the State of Louisiana, and demanded trial by jury.

Lykes Bros. removed the Rays' state court proceeding to this Court currently pending as Civil Action No. 85–1452.[1]

---

1. A review of the original removal petition indicates it may have originally been improper, since the claims presented were cognizable in state court. Federal court jurisdiction of a 33 U.S.C. § 905(b) claim is not exclusive and, further, the plaintiffs exerted a common law tort claim "saved" to them under 28 U.S.C. § 1333. Since the parties have treated the case as one remanded subsequent to the filing of the limitation procedure, and since the same decisional basis would be required in order to deal with the limitation-spawned stay of the state court proceeding, the court elects to reach the basic issues presented.

On April 4, 1985, pursuant to 46 U.S.C. § 183, et seq., and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Lykes Bros. filed a complaint in the Eastern District of Louisiana seeking to limit its liability in connection with the Rays' claim, which resulted from what is clearly a single incident event. A surety bond was prepared in the amount of Ninety-Three Thousand, Six Hundred Eighty Dollars and Eighteen Cents ($93,680.18) which allegedly represents the value of the barge and its cargo.

Upon filing of the motion and posting of the bond, a restraining order was issued staying all proceedings other than in the limitation case.

Following a hearing on plaintiff's motion to remand the state case, the Magistrate, on July 29, 1985, recommended that the Rays' civil action be remanded to state court and that the stay of that suit be dissolved so that plaintiffs might proceed with it upon remand.

Thereafter, on July 30, 1985, plaintiff's employer, Ryan-Walsh Stevedoring Company ("Ryan-Walsh") and its compensation insurer, Employers National Insurance Company ("Employers") filed a pleading styled "claim" in the limitation proceeding, seeking recovery of "all of its damages." Article II of the "claim" reflects these "damages" to be compensation and medical payments made or hereinafter required to be made to the plaintiff Bernell Ray.

Initially, it was unclear as to whether Ryan-Walsh and Employers were attempting to exercise their statutory subrogation rights or whether they were attempting to assert an independent claim arising from the accident complained of by the Rays. Subsequently, Ryan-Walsh and Employers argued that they intended to do both, and that in any event, their claims included an independent claim in the nature of the claim asserted by a stevedore against a vessel owner in *Federal Marine Terminals, Inc. v. Burnside Shipping Co., Ltd.*, 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969).

Lykes Bros. timely appealed the Magistrate's Findings and Recommendations to this Court for review. Ryan-Walsh and Employers joined in supporting the appeals.

On original hearing, this Court held that because the plaintiff-longshoreman's employer, Ryan-Walsh, and its insurer had exerted a *Burnside* cause of action in the limitation proceeding, multiple claims were presented and the motion to remand should be denied.[2]

■ Plaintiff-longshoreman has moved the Court to reconsider that determination, and the Court has done so. In passing, the Court takes note of Lykes Bros.' opposition to that procedure; however, Lykes Bros.' complaint that it is not aware of any procedural basis for a moving party who has not prevailed to file thereafter a motion to reconsider, is without merit. First, the Court is constrained to observe that it is generally a non-prevailing party who seeks reconsideration, and, second, a court should, nevertheless, reconsider any determination which, on the basis of additional briefing and later analysis, it finds inappropriate.[3]

For reasons hereinafter set forth, the Court finds such circumstances present, GRANTS the motion to reconsider, and, on

**2.** The Court on original hearing noted that the injured stevedore's claim was accompanied by a claim on behalf of his wife for loss of society, but further held that in the light of the representations by counsel for plaintiffs that the spouse would subordinate her loss of society claim to those of her plaintiff-husband, the loss of society claim did not present a separate claim requiring a concursus proceeding in limitation. *S & E Shipping Corp. v. Chesapeake & Ohio Railway Co.*, 678 F.2d 636, 644 (6th Cir.1982). In addition, it is clear that the subrogation claim is derivative of the plaintiff's claim and not separate from it. (See below).

**3.** The Court notes that recently, Lykes Bros. has moved for yet further reconsideration of this matter. The Court has considered the Lykes Bros.' motion, recognizes that Lykes Bros. is a non-prevailing party, but believes that the Court's oral ruling from the bench was correct and accordingly denies Lykes Bros.' motion to re-reconsider.

reconsideration, AFFIRMS the Magistrate's recommendations, subject to the further requirements referred to hereinafter.

## I.

### THE LIMITATION PROCEEDING

Lykes Bros. is entitled to petition in admiralty for exoneration from or limitation of liability. Upon proper filing of the petition, "all claims and proceedings against the owner with respect to the matter in question shall cease." 46 U.S.C. § 185. The claimants are required to make proof of their claims and to litigate their rights at admiralty, and may also contest the right of the shipowner to a limitation of liability as to some or all of the claims.

The plain language of 46 U.S.C. § 185 appears to give the shipowner an absolute right to localize proceedings in admiralty by petition for limitation. Notwithstanding this, the original, exclusive jurisdiction of the district court is modified by 28 U.S.C. § 1333 which grants jurisdiction, but also provides for the "saving to suitors in all cases all other remedies to which they are otherwise entitled."

A tension exists between the two provisions where allowing the shipowner to force the claimants to litigate their claim in admiralty deprives the claimants of the jury trial they could have in their common law action.

■ The Limitation Act serves the obvious purpose of limiting the liability of shipowners, and also protecting the shipowner from the risk of inconsistent judgments arising from a multiplicity of actions, and enabling the admiralty court to equitably distribute a limited fund among a number of claimants. *Maryland Casualty Co. v. Cushing*, 347 U.S. 409, 74 S.Ct. 608, 98 L.Ed. 806 (1954); the Act was also designed to foster the growth of the shipping industry.

■ Only where there is a savings clause issue have courts deviated from the statutory scheme and allowed claimants to proceed outside admiralty. Thus, where the claimant's right to a jury trial of his common law claims is at stake, two lines of cases have evolved where the issues of liability and damages are tried in state courts. One is where the claims are for less than the limitation fund or are made so by stipulation. E.g., *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957). In such a case the "saving to suitors" clause may be served without risk of violence to the shipowner's right to limited liability. The other instance is where there is a single claimant who by stipulation preserves the issues of the limits of liability to the admiralty court. E.g., *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931).

■ In the first situation it is unnecessary to utilize a concursus since the limitation fund is not being apportioned among competing claimants. There is, however, a need to determine the right to limitation— an issue reserved to the federal courts. See *Petition of Red Star Barge Line*, 160 F.2d 436 (2d Cir.) *cert. denied*, 331 U.S. 850, 67 S.Ct. 1741, 91 L.Ed. 1859 (1947). The courts have determined that in such latter cases, a claimant may pursue his common law remedies in state court provided he files a stipulation in the district court which concedes that all questions of limitation of liability are reserved for the admiralty court. *Helena Marine Service, Inc. v. Sioux City*, 564 F.2d 15, 18; (8th Cir. 1977), *cert. denied*, 435 U.S. 1006, 98 S.Ct. 1875, 56 L.Ed.2d 387 (1978); *Petition of Humble Oil & Refining Co.*, 210 F.Supp. 638, 639 (S.D.Tex.1961), *aff'd* 311 F.2d 576 (5th Cir.1962).

This procedure protects the owner's interest in limiting liability while preserving the claimant's rights under the "saving to suitors" clause, including the right to a jury trial in state court.

## II.

### THE LONGSHORE AND HARBOR WORKERS' COMPENSATION ACT

Section 33(h) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.

§ 933(h), provides that the compensation insurance carrier shall be subrogated to all rights of the employer under § 933 if it has assumed the payments of compensation to an injured employee.

Among the rights of the employer to which the carrier is subrogated is the right provided in § 33(b) of the Act, 33 U.S. § 933(b), for an assignment of an employee's claim against a third-party to his employer in those instances where payments are received pursuant to a compensation awards.

Section 33(e) of the Act, 33 U.S.C. § 933(e) governs the distribution of the recovery when an employer or subrogated insurer institutes a § 33(b) action and specifically provides for reimbursement for all compensation and medical payments advanced.

■ When the employee himself sues the third-party tortfeasor, (either under 33 U.S.C. 933, or 33 U.S.C. 905(b) as is the case here) the courts have recognized a right of subrogation to the extent of payments made, even though there is no statutory provision like § 933(e), when payments are made without a formal award. The employer or its insurer are permitted to intervene in the employee's suit to protect their rights, *Peters v. North River Insurance Co.,* 764 F.2d 306 (5th Cir.1985); the *Etna,* 138 F.2d 37 (3rd Cir.1943). As the court stated in the *Etna:*

> We find no intent indicated by the Act to take away from the employer who pays compensation without an award his right to reimbursement out of his employee's recovery from third persons. On the contrary, we think that the intent and scheme of the Act requires that the employer's *right to subrogation* for compensation payments made in the circumstance here shown be recognized wholly a part from and without regard for the assignment provided in § 33(b) of the Act.

138 F.2d at 41. [emphasis added]

■ An employer's or insurance carrier's claim for subrogation for compensation paid does not invoke the multiple claims rule requiring a concursus. The compensation claim is derivative of plaintiff's claim. As to the plaintiff and the employer or insurer there is only one claim sought to be enforced against the third-party, that of the plaintiff. *Peters, supra,* 764 F.2d at 317. The employer or insurer is simply asserting its claim to that part of plaintiff's recovery belonging to it. In this context, there is no need or mandate for a concursus. *Petition of Humble Oil & Refining Co., supra,* 210 F.Supp. at 640.

### III.

### BURNSIDE DOCTRINE

In *Federal Marine Terminals, Inc. v. Burnside Shipping Co., supra,* 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969) the Supreme Court held that, while the employer's *liability* under the Act was exclusive, the employer's *remedy* of subrogation was not the exclusive means through which it might recover compensation benefits that it had paid to an injured (or, in the subject case, the representatives of a deceased) worker. Because of the particular fact situation in *Burnside,* the Court held that the employer was free to assert an independent cause of action against third parties. The cause of action was bottomed on the duty of care owed by a vessel to all who are lawfully on board, including stevedores.

However, the employer's claim was allowed because in Illinois there was a $30,000 ceiling on a plaintiffs' recovery in a wrongful death suit, while the employer had expended some $70,000 in compensation payments. If the employer had been entitled to assert only a subrogation claim, the possible recovery would have been only $30,000.

Thus, in *Burnside* the stevedore-employer was accorded the right to seek to make itself whole. The ceiling on the plaintiff-longshoreman's recovery, without a corresponding limitation on any "other claim" recovery by the stevedore-employer, is not present in this case. Should the limitation

rights of the vessel owner become effective, and the payment fund be therefore limited, stevedore and employer would both be relegated to the same limitation (and limited) fund for recovery.

■ Thus, this Court holds that *Burnside* has applicability in only a unique and singular situation: only where the compensation payments made are greater than limits imposed by law (or other similar factors) on a plaintiff's recovery would the independent cause of action established by *Burnside* be available to the employer (or his insurer, if subrogated).

> Only if there is a shortfall, as in the rather unusual circumstances of the *Burnside* case, is there any necessity for the employer to resort to a common law claim for the excess above the subrogated amount.

*Landon v. Lief Hoege & Co.*, 521 F.2d 756, 760 (2nd Cir.1975); *Davillier v. CAVN Venezuelan Line*, 407 F.Supp. 1234, 1238 (E.D.La.1976). (See also *Peters, supra,* 764 F.2d at 320).

### IV.

Others factors support the Court's conclusion that this is only a "single claim" case.

A bare statement of the rules of law must, in this instance, be also measured against the specific claims of the parties. The fault allegations in the "claim" filed by Ryan-Walsh and Employers in the limitation proceeding track verbatim the allegations of fault alleged by the plaintiff in his state court suit.[4]

■ While Employers, Ryan-Walsh and Lykes Bros. all apparently assert that the bare announcement by the stevedore of a *Burnside* claim creates, *a fortiori*, a "multiple claim" circumstance which must be resolved in the bench-tried limitation proceeding, this Court refuses to accept such simplistic, mechanical application of the

"multiple claims" rule—a rule which must here yield to the realities of the circumstances. In this case, the genesis of both the longshoreman's third party claim and the stevedore's alleged *Burnside* claim is the same accident; both are founded on the general maritime law of negligence. The scope of the respective duties is therefore the same. When this analysis is coupled with identical (indeed, practically verbatim) allegations of the respective wrongs supporting each, as is the case here, the claims, if not technically derivative, are so closely fact-bound together as to warrant their being considered as essentially but one.

■ Simply put, the Court believes it would not be "right and equitable under the circumstances" (See *Langnes, supra,* 282 U.S. at 541, 51 S.Ct. at 247) to permit essentially an intervening insurer to exert a maritime law-based *Burnside* claim, when the stated bases of that claim duplicate *in toto*, the allegations of fault asserted by the longshoreman-plaintiff in his maritime-negligence third party claim, where the result, (if not the purpose) is to deny the plaintiff a jury trial in state court.

■ The interests of the insurer are adequately preserved by virtue of the statutory lien which attaches to any proceeds yielded by an injured longshoreman's third party damage claim.[5]

The Court further notes that the interests of the shipowner would not be jeopardized by the course of action determined by the Court. Counsel for plaintiffs has declared in briefs that plaintiffs will consent to "waive any claims of *res judicata* relevant to the issue of limitation of liability based on any judgment in state court and to concede Lykes Bros.' right to litigate all issues, including valuation, relating to limitation proceedings in this Court." Thus, the limitation proceedings instituted here may proceed to conclusion, and Lykes

---

**4.** *Compare* Article X of the petition in Civil Action 85–1452, the state court case, with Article IV of the Employers—Ryan-Walsh "claim" in Civil Action 85–1473, the limitation proceeding.

**5.** Indeed, the priority afforded such subrogated claim would "rank" any so-called *Burnside* recovery, as counsel have agreed in supplemental briefing requested by the Court.

Bros.', right to seek and invoke its limitation of liability is unimpaired.

Accordingly, the appropriate stipulations having already been entered into the record of this proceeding, the Court will order that Civil Action 85–1452 (the removed case) be severed from Civil Action 85–1473, that Civil Action No. 85–1452 be remanded to the Civil District Court in and for the Parish of Orleans, Louisiana and that the stay issued in Civil Action 85–1473 be dissolved in order to permit plaintiffs to proceed with the remanded case.

The court retains jurisdiction in Civil Action 85–1473, the limitation proceeding, which will proceed in due course.

Judgment will be entered accordingly.