749 F.Supp. 128 (1990)
In the Matter of the Complaint of McDONOUGH MARINE SERVICE, A DIVISION OF MARMAC CORPORATION and Newpark Environmental Services, Inc., (formerly, Newpark Waste Treatment Systems), as Owner and Charterers of Barge ABC-701, for Exoneration from or Limitation of Liability.
Civ. A. No. 89-2167.
United States District Court, E.D. Louisiana.
October 22, 1990.
*129 Delos E. Flint, Jr., George J. Fowler, III, Rice, Fowler, Kingsmill, Vance, Flint & Booth, New Orleans, La., for McDonough Marine Service.
David S. Bland, Henry A. King, Nesser, King & LeBlanc, New Orleans, La., for Newpark Environmental Services, Inc.
Thomas Keasler Foutz, Gauthier & Murphy, Metairie, La., Robert Burke Keaty, Keaty & Keaty, Michael Joseph Breaux, Law Office of David M. Kaufman, Lafayette, La., for Unidentified Parties, for all persons who have claims as a result of death of Ernest A. Stein, Jr. and Michael J. Bruno.
Robert Burke Keaty, Michel P. Wilty, Thomas Vincent Alonzo, Michael Joseph Breaux, Law Office of David M. Kaufman, Lafayette, La., for Carrie W. Stein.
Jeanmarie Lococo, Donald Ogden Collins, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for movant Dravo Corp.
David Joseph Bourgeois, Duplass, Witman & Zwain, Metairie, La., for claimant Aetna Cas. & Sur. Co.
Thomas Keasler Foutz, Wendell H. Gauthier, Gauthier & Murphy, Metairie, La., for Heidi Bruno.
Michael John Maginnis, Timothy Patrick Hurley, McGlinchey, Stafford, Cellini & Lang, New Orleans, La., for claimant Donovan Marine Inc.

MEMORANDUM AND ORDER
ARCENEAUX, District Judge.
The court has received a motion to enjoin state court proceedings filed by claimant, Dravo Corporation ("Dravo"), in the above-captioned matter. Having considered claimant Dravo's memoranda, the opposition memoranda filed by representatives of two deceased employees of Southern Shipbuilding Corporation ("Southern") and Aetna Casualty & Surety Company ("Aetna"), and the applicable law, the court finds the motion to be without merit.

I. BACKGROUND
This case arises out of the deaths of Michael Bruno and Ernest Stein, employees of Southern at its yard in Slidell, Louisiana. On November 14, 1988, Southern allegedly assigned the decedents to remove the manhole covers of Barge ABC-701 for venting and aerating the barge's compartments. While allegedly checking for leaks in the compartments, the two men apparently became unconscious and died of asphyxiation.
Plaintiffs, McDonough Marine Service ("McDonough"), as owner of Barge ABC-701, and Newpark Environmental Services, Inc. ("Newpark"), as bareboat charterer and/or owner pro hac vice of Barge ABC-701, filed a complaint in this court for exoneration from and/or limitation of liability on May 13, 1989. Plaintiffs filed this complaint pursuant to the Limitation of Vessel Owner's Liability Act, 46 U.S.C. App. §§ 181-189 (1988) (the "Limitation Act" or the "Act"), Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental Admiralty Rules"). In conjunction with this complaint, the plaintiffs have certified the vessel's value to be $121,000. Furthermore, pursuant to plaintiffs' complaint, the court issued an order on October 17, 1989, restraining any and all other actions or proceedings against McDonough and Newpark.
The personal representatives of the deceased individuals filed answers to the plaintiffs' complaint. The decedents' representatives also filed actions in the Civil District Court for the Parish of Orleans.[1] *130 In addition, Aetna filed an answer in this court and instituted litigation in the Civil District Court for the Parish of Orleans to recover workers' compensation benefits allegedly paid as a result of these deaths.[2] Dravo Corporation, as the manufacturer of Barge ABC-701, was named a defendant in all three state court proceedings and joined this limitation action as a claimant.
Dravo now brings a motion to enjoin further proceedings in the state court actions. Dravo argues that the exclusive jurisdiction of the federal district court sitting in admiralty to hear limitation proceedings requires all other actions and proceedings to cease. In its memoranda, Dravo recognizes that at least two exceptions to this rule apply where (1) the parties stipulate that the claims against the shipowner do not exceed the value of the limitation fund, and (2) where only a single claim has been made against the vessel owner and the claimant stipulates to limit the vessel owner's liability. Dravo, however, urges the court to find that these exceptions do not apply in the present action.[3] The opposition maintains that Dravo, as manufacturer of Barge ABC-701, cannot seek the Act's protections and, in the alternative, that the stipulations adequately protect the plaintiffs in the limitation proceeding from excess liability. The court now turns to the merits of the arguments.

II. ANALYSIS

A. The Limitation of Liability Act
Dravo first argues that this court must retain exclusive jurisdiction and maintain a concursus, or a concourse of the parties,[4] to prevent duplicity of litigation. Memorandum in Response to Opposition to Motion to Enjoin State Court Actions at 5-6. The court finds it necessary to address Dravo's arguments in support of its motion to enjoin by examining the purposes for which Congress enacted the Limitation Act in the context of this case. In so doing, the court first addresses the issue of whether Dravo, as manufacturer of the vessel in question, may object to further proceedings in the state court where neither the vessel owner, the owner pro hac vice, nor their insurers have been named as parties and no evidence exists that any such party may be subject to liability exceeding the value of the limitation fund.
This court, in commenting on the purposes of the Limitation Act, has noted that:
The Limitation Act serves the obvious purpose of limiting the liability of shipowners, and also protecting the shipowner from the risk of inconsistent judgments arising from a multiplicity of actions, and enabling the admiralty court to equitably distribute a limited fund among a number of claimants.... [T]he Act was also designed to foster the growth of the shipping industry.
Ray v. Lykes Bros. S.S. Co., 626 F.Supp. 120, 124 (E.D.La.1985) (citations omitted), vacated on other grounds, 805 F.2d 552 (5th Cir.1986). A shipowner invokes the Act's provisions by filing a complaint for exoneration from or limitation of liability. 46 U.S.C.App. § 185 (1988). Upon compliance with the statute's requirements, the Limitation Act provides that "all claims and *131 proceedings against the owner with respect to the matter in question shall cease." Id. (emphasis added). In addition, a bareboat charterer such as Newpark may be deemed an owner pro hac vice and seek protection under the Act. See id. § 186. The Act, therefore, clearly provides the federal court sitting in admiralty with the power necessary to protect shipowners and, in some cases, charterers, who face multiple claims arising from a single marine disaster.
Rule F of the Supplemental Admiralty Rules further defines the procedural requirements to invoke the Act's protections. This rule provides that "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or plaintiff's property with respect to any claim subject to limitation in the action." Supplemental Admiralty Rule F(3). Hence, a shipowner clearly possesses both the right to protection from suits outside the limitation proceeding and the right to seek the intervention of the federal court to enjoin any such suits.
The court recognizes, however, that not even the vessel owner may use the Act's provisions "as an offensive weapon by which the shipowner could deprive suitors of their common-law rights." Lake Tankers Corp. v. Henn, 354 U.S. 147, 152, 77 S.Ct. 1269, 1272, 1 L.Ed.2d 1246 (1957). This action presents a situation in which the manufacturer of the barge, Dravo, has moved to enjoin state court actions that do not include the shipowner, the owner pro hac vice, or their insurers as parties. The court notes that "[t]he owner who may limit is usually the person with legal title to the vessel.... The term owner is defined to include the charterer who actually `mans, victuals, and navigates the vessel,' which is interpreted to mean demise and bareboat charterers." T. Schoenbaum, Admiralty and Maritime Law § 14-2 (Prac. ed.1987) (footnotes omitted). Plaintiffs, McDonough and Newpark, fall under the Limitation Act's protections because they respectively were the owner and bareboat charterer of Barge ABC-701 at the time of the incident in question. Conversely, Dravo cannot seek the Act's protections through a stay of state court proceedings against it because as the manufacturer of Barge ABC-701, it has no right to do so.
No claimant in this limitation proceeding has filed claims in the state court proceedings against McDonough, Newpark, or their insurers. Moreover, the parties who filed the limitation of liability of complaint have not objected to the prosecution of the suits in the state court. This court, therefore, holds that Dravo, as manufacturer of Barge ABC-701, may not invoke the provisions of the Limitation Act to enjoin the state court actions filed against it.

B. The Necessity of a Concursus
Dravo specifically argues that this court must retain exclusive jurisdiction because no exception to the necessity of a concursus applies and/or the stipulations filed by the decedents' representatives do not sufficiently protect McDonough and/or Newpark from claims that exceed the limitations fund's value. Memorandum in Response to Opposition to Motion to Enjoin State Court Actions at 5-6. In light of the above discussion, the court doubts whether Dravo may raise such objections. However, in an abundance of caution, the court will consider the necessity of a concursus under the facts present.
This court, in addressing the effect of the limitation proceeding on other actions, has noted that:
The plain language of 46 U.S.C. § 185 appears to give the shipowner an absolute right to localize proceedings in admiralty by petition for limitation. Notwithstanding this, the original, exclusive jurisdiction of the district court is modified by 28 U.S.C. § 1333 which grants jurisdiction, but also provides for the "saving to suitors in all cases all other remedies to which they are otherwise entitled."
Ray, 626 F.Supp. at 124. The savings to suitors clause, therefore, permits federal courts to deviate from the Limitation Act's statutory scheme and allows a party to pursue claims in state courts. For some time, the exceptions to the Act's provisions have consisted of two types of situations. See generally 3 A. Jenner, E. Flynn & J. Loo, Benedict on Admiralty §§ 51-52 (7th ed.1989 & Supp.1989) (explaining situations *132 allowing modifications to Act's stay of other proceedings). In permitting these exceptions, the courts have attempted to achieve a balance between the necessity of a concursus in the limitation proceeding and the right of a plaintiff to a jury and to state court remedies under the savings clause.
First, the courts have permitted actions to proceed in state court where a single claimant in a limitation proceeding stipulates to the federal court's jurisdiction over the limitation of liability issues. Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931); see In re Complaint of Midland Enters., Inc., 886 F.2d 812, 814 (6th Cir.1989); In re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V. ("Dammers & Vanderheide"), 836 F.2d 750, 755 (2d Cir.1988); In re Mister Wayne, 729 F.Supp. 1124, 1126 (E.D.La.1989). In this case, multiple claimants have filed in the limitation proceeding seeking damages as a result of two deaths and, hence, the first exception does not apply.
The second situation involves multiple claimants where the aggregate claims do not exceed the limitation fund. Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957); In re Mister Wayne, 729 F.Supp. at 1126; Ray, 626 F.Supp. at 124. McDonough and Newpark have certified the value of the barge to be $121,000. The court finds, and no party has raised as a contested issue, that one of the wrongful death claims on its own could exceed the value of the limitation fund.[5] This case, therefore, does not fall under the second exception because multiple claimants have asserted claims in excess of the fund's value.
The U.S. Court of Appeals for the Fifth Circuit addressed the multiple claimant, inadequate fund scenario on appeal in Pershing Auto Rentals, Inc. v. Gaffney, 279 F.2d 546 (5th Cir.1960), and found that the district court had erred in modifying its injunction to allow two out of four claimants to proceed in state court actions against the shipowner. Id. at 550-51. In contrast to the instant case, the two claimants in Gaffney, however, instituted actions directly against the vessel owner in state courts during the pendency of the limitation proceeding. Id. at 548-49. As stated previously, this case involves state court actions in which neither the vessel owner, the owner pro hac vice, nor their insurers have been named as parties in any manner. Thus, the claimants have not violated the injunction issued in these proceedings on July 17, 1989. Further, unlike the vessel owner in Gaffney, neither McDonough nor Newpark have objected to the state court proceedings.
The court, therefore, agrees with claimant Dravo's contention that the two exceptions discussed above do not apply in this case but finds concursus to be unnecessary. The parties, in addressing the merits of Dravo's motion, have discussed this second exception in detail under the analysis applied in Judge Feldman's order and reasons in Kattelman v. Otis Engineering Corp., 701 F.Supp. 560 (E.D.La.1988), and Kattelman v. Otis Engineering Corp., 696 F.Supp. 1111 (E.D.La.1988). In the court's view, the focus that the parties have placed on the Kattelman decisions is misplaced.
Judge Feldman, in the Kattelman case, conducted an analysis of the adequacy of *133 the stipulations filed by claimants to that multiple claim, inadequate fund suit arising out of a single death. Kattelman, 701 F.Supp. at 562-65. Dravo urges this court to find that Kattelman does not apply because the instant action involves two deaths and the actions arising out of these deaths requiring the court to address all issues arising out of this incident. Memorandum in Response to Opposition to Motion to Enjoin State Court Proceedings at 3-6. In the alternative, Dravo argues that the stipulations do not adequately protect the plaintiffs in this limitation proceeding. Id. at 6. The court agrees in part with Dravo's contentions but finds it unnecessary to retain exclusive jurisdiction over suits against non-vessel owners or to determine the adequacy of the stipulations filed by the parties in this proceeding where the state court actions have not been instituted against the shipowner, the owner pro hac vice, or the insurer of either party.
The parties to the Louisiana state court actions did not need and did not seek this court's permission to proceed against the party defendants in the state actions. In support of this proposition, the court in In re Brent Towing Co., 414 F.Supp. 131 (N.D.Fla.1975), confronted the issue of whether the insurer of a vessel owner may be joined in a separate action. Id. at 132-33. While the court held that such an action could not be maintained because the shipowner would be an indispensable party to such suit, the Act's provisions did not preclude a separate remedy that any party to the limitation proceeding would have against other parties not protected by the statute. Id. at 133; see Annotation, Effect on Other Proceedings of Shipowner's Petition in Admiralty for Limitation of Liability Under 46 USCS §§ 183 et seq., 47 A.L.R.Fed. 490, 514 (1980). Thus, under the present circumstances, this court also finds that it cannot enjoin proceedings in which claimants seek remedies against parties not subject to the Limitation Act's protections.

CONCLUSION
In light of the direct conflict between the savings to suitors clause and the Limitation Act, this court "must strive whenever possible to promote the policies underlying both provisions." Dammers & Vanderheide, 836 F.2d at 760. Furthermore, in the Henn case, the U.S. Supreme Court stated that where "[t]he state court proceeding could have no possible effect on the petitioner's claim for limited liability in the admiralty court ... the provisions of the Act ... do not control." Henn, 354 U.S. at 153, 77 S.Ct. at 1273. This court, therefore, will not enjoin state court proceedings where a possibility does not exist at this time that a judgment or award may be rendered in state court to deprive McDonough, Newpark, or their insurers of the Limitation Act's protections or this court of its exclusive jurisdiction over the limitation proceeding.
The Limitation Act's clearly defined purposes do not permit a vessel manufacturer seeking indemnification arising out of a marine disaster to invoke its statutory protections. The court, therefore, will not enjoin the state court actions in question but retains exclusive jurisdiction over all matters and issues pertaining to the limitation proceedings at hand and the rights of McDonough and Newpark to seek limitation and/or exoneration from liability.
NOTES
[1] Heidi Bruno, the widow of Michael Bruno, filed a petition for damages on behalf of herself and her minor children against Dravo Corporation, Nashville Bridge Company a/k/a Nabrico, American Shipbuilding Company, and Donovan Marine, Inc. on November 14, 1989, in Civil Action No. 89-24746. Carrie Stein, the widow of Ernest Stein, filed a petition for damages on behalf of herself and her minor children against Dravo Corporation, Donovan Marine, Inc., Nashville Bridge Company, Nabrico, Nabrico Korea, and The American Ship Building Company in Civil Action No. 89-24222.
[2] Aetna filed a petition for damages against Dravo Corporation, Donovan Marine, Inc., Nashville Bridge Company, Nabrico, Nabrico Korea, and The American Shipbuilding Company.
[3] The court notes that neither McDonough, Newpark, nor their insurers have been named as defendants in the state court proceedings. Furthermore, neither McDonough nor Newpark, the plaintiffs in this limitation proceeding, have filed any supporting or opposition memoranda with regard to Dravo's motion to enjoin.
[4] The Act specifically authorizes the shipowner to bring all claims instituted against him together, or into concourse, before the federal court sitting in admiralty. Maryland Casualty Co. v. Cushing, 347 U.S. 409, 414, 74 S.Ct. 608, 610, 98 L.Ed. 806 (1954). In Cushing, the U.S. Supreme Court noted that "the heart of this system is a concursus of all claims to ensure the prompt and economical disposition of controversies in which there are often a multitude of claimants." Id. at 415, 74 S.Ct. at 611 (emphasis in original). The Limitation Act bestows the benefits of a concursus on the plaintiff in a limitation proceeding.
[5] The court notes that all three plaintiffs in the state court proceedings have submitted a stipulation to this court. In this stipulation, the decedents' representatives and Aetna, the compensation carrier, have recognized the right of McDonough and Newpark to seek limitation and this court's exclusive jurisdiction over all issues pertaining to the limitation proceeding. Further, the parties stipulate that they will not seek to enforce a judgment or recovery obtained in any state court action or proceeding in excess of the limitation fund's value, until such time as this court adjudicates the complaint for limitation of liability. The parties to the stipulation also waive any right to claim res judicata or issue preclusion based on a judgment or ruling in any state court. Finally, the decedents' representatives and Aetna stipulate to the priority of reimbursement of or indemnification for attorneys' fees or costs over any of their claims.

The court will not address whether these stipulations provide sufficient protection to McDonough and Newpark because Dravo does not possess a right to invoke the Act's injunction provision. The court, therefore, finds the parties arguments over the adequacy of the stipulations to be irrelevant.